IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**PEDRO ANDRES BRAVO,**

    **Petitioner,**

v.                                                Case No. 1:22-cv-69-AW-MJF

**SECRETARY, DEP'T OF
CORRECTIONS,**

    **Respondent.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The State moved to dismiss Pedro Andres Bravo's § 2254 petition as untimely. As both sides agree, the issue is whether the clock started 30 days or 90 days after the First DCA's decision affirming Bravo's convictions on direct appeal. And that issue turns on whether Bravo could have sought Florida Supreme Court review of that decision.

In a thorough report and recommendation, the magistrate judge concluded I should grant the motion to dismiss. ECF No. 15. Bravo has filed objections, which I have considered de novo.[1] I agree with the magistrate judge, and I now adopt the report and recommendation in full.

---

[1] Other than adding a section addressing the COA issue, the objections were mostly a copy-and-paste from Bravo's response to the motion to dismiss. *Compare* ECF No. 14 *with* ECF No. 20.

1

In short, Bravo could have sought Florida Supreme Court review of the DCA's decision because that decision was neither an affirmance without opinion nor an unelaborated opinion. The opinion was not particularly long, but it set out the facts, and it addressed issues of law. It did enough to give the Florida Supreme Court jurisdiction to review. *See The Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988) ("[The Florida Supreme] Court in the broadest sense has subject-matter jurisdiction under article V, section 3(b)(3) of the Florida Constitution, over any decision of a district court that expressly addresses a question of law within the four corners of the opinion itself. That is, the opinion must contain a statement or citation effectively establishing a point of law upon which the decision rests. . . . [I]t is not necessary that conflict actually exist for [the Florida Supreme] Court to possess subject-matter jurisdiction, only that there be some statement or citation in the opinion that hypothetically could create conflict if there were another opinion reaching a contrary result." (note omitted)).

The issue is not, as Bravo suggests, whether the Florida Supreme Court likely would have accepted discretionary review; the issue is whether there was an opportunity for further review. And because there was, the § 2254 clock began at the end of the 30-day period to seek Florida Supreme Court review.

As the magistrate judge explains, this decision is consistent with many other district court decisions addressing the same issue. The issue is uncomplicated, and I

2

would reach the same conclusion with or without this consistent body of cases. But I also find these other decisions—particularly *Dailey v. Crews*—persuasive. In *Dailey*, like here:

> The First DCA's affirmance was not unelaborated; it was accompanied by a discussion of the facts in the case such that it could be said that the district court "expressly addresse[d] a question of law within the four corners of the opinion itself." The appellate court's having done so, the Florida Supreme Court could have considered whether the decision "expressly and directly conflict[ed] with a decision of another district court of appeal or of the supreme court on the same question of law," thus invoking the court's discretionary jurisdiction. However, Petitioner did not attempt to invoke the Florida Supreme Court's discretionary jurisdiction. Therefore, his conviction became final, for purposes of § 2244(d)(1)(A), . . . upon expiration of the 30-day period for seeking review in the Florida Supreme Court.

*Dailey v. Crews*, 3:13CV148-WS/EMT, 2014 WL 2158428, at *4 (N.D. Fla. May 23, 2014) (citations omitted) (some alterations in original).

Bravo protests "that the Florida Supreme Court does not want defendants filing jurisdictional briefs in *every case* where there is a written opinion." ECF No. 14 at 13 n.5; ECF No. 20 at 15 n.6. This may be so, but it is legally irrelevant. Bravo could have sought Florida Supreme Court review, and he did not. His petition is untimely.

Finally, I agree with the magistrate judge that Bravo has not met the standard for issuance of a certificate of appealability.

3

It is now ORDERED:

1. The Report and Recommendation (ECF No. 15) is adopted in full and incorporated into this order.

2. Bravo's objections (ECF No. 20) are overruled.

3. The motion to dismiss (ECF No. 7) is GRANTED.

4. The clerk will enter a judgment that says, "The § 2254 petition is dismissed with prejudice as untimely."

5. A certificate of appealability is denied.

6. The clerk will close the file.

SO ORDERED on December 14, 2022.

s/ *Allen Winsor*
United States District Judge
